IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONNIE STALLWORTH       ) | |
| ) | |
| Appellant,            ) | |
| ) | |
| v.                      ) | CASE NO. 1:20-cv-09-ECM |
| ) | (WO) |
| SABRINA L. MCKINNEY,    ) | |
| ) | |
| Appellee.             ) | |

**MEMORANDUM OPINION and ORDER**

This case is a bankruptcy appeal filed by Attorney J. Kaz Espy ("Espy"). (Doc. 1-1). On January 6, 2020, Espy filed a notice of appeal in the United States Bankruptcy Court for the Middle District of Alabama, purportedly to appeal the order of the Bankruptcy Court denying his motion for funds to be applied to administrative expenses. (*Id.*). The Clerk of the Bankruptcy Court transmitted the notice of appeal on January 6, 2020 (*id.*) and transmitted the designation of record on appeal on February 19, 2020. (Doc. 2). On April 3, 2020, Appellee/Trustee, Sabrina McKinney, filed a motion to dismiss the appeal for the Appellant's failure to file a brief in accordance with Fed. R. Bankr. P. 8018(a). (Doc. 4). The Appellant has filed a response to the motion to dismiss. For the reasons that follow, the Court concludes that the motion to dismiss is due to be granted.

**DISCUSSION**

In a bankruptcy appeal to the district court, the Appellant has thirty days to file a brief "after the docketing of notice that the record has been transmitted or is available

electronically." Fed. R. Bankr. P. 8018(a)(1).  The Bankruptcy Clerk transmitted the designation of the record on appeal on February 19, 2020.  (Doc. 2).  Pursuant to Rule 8018(a)(1), the Appellant had until March 20, 2020, to timely file his brief, but he failed to do so.  On April 3, 2020, the Appellee filed a motion to dismiss (doc. 4).  On April 7, 2020, the Appellant filed a response to the motion to dismiss and at the same time, filed his brief.  (Docs. 7 & 8).  On April 10, 2020, the Appellant filed a motion to withdraw his original brief (doc. 13), and simply filed another brief.  (Doc. 12).  At no point did the Appellant request an extension of time to file his brief, nor did he file a motion to file his brief out of time.  On April 13, 2020, the Appellee filed a reply to the Appellant's response to the motion to dismiss and moved to strike Appellant's brief.  (Doc. 15).  On April 17, 2020, the Appellant filed a reply to the Appellee's motion to strike in which he "requests that his initial response to the Appellee's Motion to Dismiss (Doc. No. 8) and his Brief (Doc. 13.1) be collectively construed as a Motion to Extend the Time to File Appellant's Brief Pursuant to Fed. R. Bankr. P. 9006 *Nunc Pro Tunc*."  (Doc. 16 at 1).

The Court first addresses the Appellant's request that the Court construe his initial submissions as a motion for an extension of time.  The Court declines to do so for two reasons.  First, a request for an extension of time, embedded in a response to a motion to dismiss, does not comply with Fed. R. Civ. P. 7(b)(1)(B) ("A request for a court order must be made by motion. The motion must: . . . state with particularity the grounds for seeking the order;").  *See Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018). Second, while the Bankruptcy Rules give the Court discretion to grant an extension of time, the request should come before the time for filing has expired.  Otherwise, a motion made

after the expiration of a deadline should be accompanied by a showing that the failure to comply with the specified deadline was the result of excusable neglect.

> [W]hen an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged *if the request therefor is made before the expiration of the period originally prescribed* . . . or or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1) (emphasis added).

The Appellant's request that his response to the motion to dismiss and brief be construed as a motion for an extension of time was submitted well after the initial deadline from which he seeks relief, and he has failed to demonstrate excusable neglect. In his response to the Appellee's motion to dismiss, the Appellant asserted that "the COVID-19 epidemic . . . and the resulting disruptions in societal and economic routines resulted in the undersigned untimely submission of his brief, which has since been rectified." (Doc. 8 at ¶ 6). In response to the Appellee's motion to strike, the Appellant concedes that he was not prevented from filing his brief due to the pandemic, but as of March 15, 2020, his focus was on his staff and family. (Doc. 16). Accordingly, to the extent that the Appellant requests the Court construe his response as a motion for an extension of time, the Court declines to do so.

The Court now turns to the Appellee's motion to dismiss. According to the Appellee, her motion to dismiss is due to be granted because the Appellant failed to file his brief on time and failed to request leave to file his brief out of time. The Appellee argues

that this conduct demonstrates "bad faith, negligence, or indifference." *See In re Beverly Mfg. Corp.,* 778 F.2d 666, 667 (11th Cir. 1985). The Bankruptcy Rules require that "briefs must be filed within 15 days after entry of appeal on the district court docket." *Id.* at 666 (citing Fed. R. Bankr. P. 8009(a)(1)). The failure to file a brief is "'a non-jurisdictional defect in the prosecution of [an] appeal,' and such defect does not require dismissal in every case." *Id.* at 667. Thus, the Court looks to whether there is "bad faith, negligence or indifference" to determine whether dismissal is appropriate for failure to file a brief. *Id.*; *see also, In re Mohorne*, 718 F. App'x 934, 935 (11th Cir. 2018) (recognizing a "flexible standard requiring bad faith, negligence or indifference" before dismissal).

The Appellee concedes he failed to file his brief in a timely manner. (Doc. 8 at 1). The Appellant asserts that he missed the deadline to file his brief due to the COVID-19 pandemic, the declaration of a national emergency, and "the resulting disruptions" caused by the virus. (*Id*. at 2). The Appellee does not, however, point to anything beyond his control that prevented him from filing his brief in a timely manner. *See In re South Atlantic Fin. Corp.*, 767 F.2d 814, 817-18 (11th Cir. 1985). The Appellant also argues that the Appellee has suffered no prejudice from his late filing. That is not the proper inquiry; "the focus of these rules is on the movant's actions and the reasons for those actions, not on the effect that an extension might have on the other parties' positions." *Id*. at 819.

While the Appellant has taken some steps beyond the mere filing of his appeal, he has shown a disregard for deadlines, and a consistent inability to follow the Bankruptcy Rules and the Rules of Civil Procedure. He failed to file his brief in a timely manner. He failed to request an extension of time within the period prescribed by the rules to do so. He

does not make an adequate showing that his failure to timely file his brief or a motion requesting an extension of time was due to excusable neglect.  Notably, his failure to properly file a motion to file his brief out of time persists.  The Appellant had at his disposal the means for properly requesting an extension of time or to properly file his brief, and he failed to do either.  While the Court is cognizant of the disruptions caused by the COVID-19 pandemic, it is not persuaded that, under the facts of this case, the Appellant acted with due care to comply with the applicable rules.  To the contrary, under the circumstances of this case, the Court concludes that the Appellant has demonstrated either negligence or indifference, or both.

## CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the motion to dismiss (doc. 4) is GRANTED, and this appeal is DISMISSED.  It is further

ORDERED that the motion to withdraw (doc. 13) and the motion to strike (doc. 15) are DENIED as moot.

A separate judgment will be entered.

DONE this 28th day of May, 2020.

                                            /s/ Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE